UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ETANISLAO ABREU,

                              PLAINTIFF,        **AMENDED COMPLAINT**

               -AGAINST-                         **13 CV 3753 (CBA) (RER)**

NEW YORK CITY, POLICE OFFICER JUSTIN
PUCCIA, POLICE OFFICER JOSEPH TARLENTINO,
POLICE OFFICER KYLE STANLEY, and POLICE
OFFICER JAY RIVERA, IN THEIR INDIVIDUAL AND
PROFESSIONAL CAPACITIES.

                             DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Mr. Etanislao Abreu ("Mr. Abreu"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about January 9, 2013, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Abreu to *inter alia* false arrest and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Abreu is a United States citizen and at all times here relevant resided at 220 Highland Boulevard, Apartment 1-0, Brooklyn, NY 11207.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Justin Puccia ("PO Puccia"), Police Officer Joseph Tarlantino ("PO Tarlantino"), Police Officer Kyle Stanley ("PO Stanley"), and Police Officer Jay Rivera ("PO Rivera"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Abreu is 25 years old and works as a delivery truck driver.

11. On or about January 9, 2013, at approximately 2:00 pm, Mr. Abreu was getting a ride with his friend, Mr. Kevin Morel.

12. There were two other friends in Mr. Morel's in the car.

13. Mr. Abreu was on his way to pay his rent.

14. As Mr. Morel was driving across the intersection between Miller Avenue and Highland Boulevard in Brooklyn, he was pulled over by an unmarked police min-van.

15. PO Puccia and PO Tarlantino got out of the police mini-van and instructed everyone to get out of the car.

16. Mr. Abreu got out of the car and was immediately handcuffed.

17. The handcuffs were extremely tight on Mr. Abreu's wrists.

18. Mr. Abreu was searched by the police officers, but they found nothing.

19. The police officers then searched the other individuals and searched Mr. Morels' car, but they found nothing.

20. PO Stanley and PO Rivera then arrived on the scene.

21.  PO Stanley and PO Rivera were both in plain-clothes.

22. Mr. Abreu pleaded with the officers to loosen his handcuffs.

23. The officers refused to loosen Mr. Abreu's handcuffs and told him "that's what you get for being a smart guy."

24. Mr. Abreu was then transported to the 75th precinct in the back of the police mini-van.

25. At the 75th precinct, a visual cavity search of Mr. Abreu was carried out.

26. Officers told PO Rivera that they found nothing on Mr. Abreu.

27. PO Rivera responded by saying, "I'm the undisputed champion of searches."

28. PO Rivera then starting singing the theme music from the movie 'Rocky'.

29. PO Rivera put on plastic gloves and proceeded to grab Mr. Abreu by the handcuffs and twist his hands above his neck.

30. PO Rivera held onto Mr. Abreu's hands and lifted him off the ground.

31. Mr. Abreu was in excruciating pain.

32. PO Stanley then twisted Mr. Abreu's fingers.

33. PO Tarlantino twisted and pulled Mr. Abreu's legs.

34. Mr. Abreu's shirt was then pulled over his head and officers began hitting him in the back of his head and neck.

35. PO Rivera, PO Stanley and PO Tarlantino continued to assault and beat Mr. Abreu.

36. Upon information and belief, the assault was recorded by a female police officer on a phone.

37. As a result of the excruciating pain, Mr. Abreu was on the verge of losing consciousness.

38. Mr. Abreu then soiled himself.

39. Mr. Abreu took off his clothes down to his underwear and was taken to the back cell.

40. Mr. Abreu's clothes were thrown in the toilet.

41. PO Rivera came to the cell and told Mr. Abreu to lift his hands above his head as high as he could.

42. Mr. Abreu explained to PO Rivera that he couldn't lift his hands because of the pain.

43. PO Rivera told Mr. Abreu that if he didn't lift his hands then PO Rivera would deem him to be retaliating and would have to use force to subdue him.

44. Mr. Abreu lifted his hands as high as he could, suffering pain as he did so.

45. Mr. Abreu was then left in the cell.

46. Mr. Abreu was not given a change of clothes or anything to clean himself with.

47. Mr. Abreu was left in the cell for approximately seven hours.

48. At approximately 9:30 pm, Mr. Abreu's wife came to the precinct and gave Mr. Abreu a change of clothes.

49. Mr. Abreu was held in the cell for approximately six further hours.

50. At approximately 3:00 am Mr. Abreu was taken to Central Bookings.

51. Mr. Abreu was held at Central Bookings until approximately 4:00 pm on January 10, 2013.

52. Mr. Abreu was arraigned on charges of possession of marijuana and was released on his own recognizance.

53. Mr. Abreu had to make numerous subsequent court appearances.

54. On or about April 17, 2013, Mr. Abreu was granted an Adjournment in Contemplation of Dismissal.

55. Mr. Abreu continues to feel traumatized by the events of January 9, 2013, and is wary and fearful when he sees police officers.

56. Mr. Abreu takes efforts to avoid police officers when in public.

57. Mr. Abreu has suffered a great deal following the incident and continues to feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

58. Mr. Abreu has suffered physically, mentally and financially as a result of this incident.

**FIRST CAUSE OF ACTION**

(42 USC 1983 – False Arrest)

59. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

60. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

61. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

62. Defendants confined plaintiff.

63. Plaintiff was aware of, and did not consent to, his confinement.

64. The confinement was not privileged.

65. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

66. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

67. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

68. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff, and defendants used excessive and unreasonable force on plaintiff in the period between the arrest and arraignment of plaintiff.

69. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### THIRD CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

70. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

71. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

72. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

73. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in Plaintiff suffering a deprivation of liberty and a violation of his rights.

74. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### FOURTH CAUSE OF ACTION

(Unreasonable Search)

75. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

76. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution, in that plaintiff was subjected to an improper visual body cavity inspection by defendants without a genuine factual basis supporting a reasonable suspicion to believe that plaintiff secreted evidence inside a body cavity.

77. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court

## JURY DEMAND

78. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         April 22, 2014

By: _____/s/_____
Duncan Peterson (DP 7367)

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075

8